Case 4:23-cv-02869   Document 43   Filed on 05/12/25 in TXSD   Page 1 of 3

United States District Court
Southern District of Texas
**ENTERED**
May 12, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CLYDE E. SOPHUS, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:23-CV-02869 |
| | § | |
| BOBBY LUMPKIN, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM AND ORDER

Petitioner Clyde Sophus is an inmate in the custody of the Texas Department of Criminal Justice ("TDCJ"). He was convicted in the 262nd Judicial District Court of Harris County, Texas of two counts of aggravated robbery, and sentenced to concurrent 30-year terms of imprisonment. He was subsequently convicted in the 12th Judicial District Court of Madison County, Texas of possession of a weapon in a penal institution and sentenced to a consecutive four-year term of imprisonment. He does not challenge these convictions but contends that the TDCJ has incorrectly extended his sentence based on forfeited street credit time.

Sophus filed the instant petition on August 3, 2023. Respondent answered the petition, arguing for dismissal on the grounds that the petition is successive.

"Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A);

*Felker v. Turpin*, 518 U.S. 651, 664 (1996) ("The Act requires a habeas petitioner to obtain leave from the court of appeals before filing a second habeas petition in the district court."). "Indeed, the purpose and intent of [28 U.S.C. § 2244(b)(3)(A)] was to eliminate the need for the district courts to repeatedly consider challenges to the same conviction unless an appellate panel first found that those challenges had some merit." *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000) (citing *In re Cain*, 137 F.3d 234, 235 (5th Cir. 1998)).

Sophus has filed at least two prior petitions raising the same issues. *See Sophus v. Davis*, No. 4:17-cv-2619; *Sophus v. Dretke*, 4:05-cv-1694. Those petitions were dismissed on March 26, 2018, and October 19, 2005, respectively. Because these claims have already been raised and rejected in a federal habeas corpus petition, Sophus' current petition is successive.

This Court is without jurisdiction to consider a successive petition. *See Key*, 205 F.3d at 774 ("Accordingly, § 2244(b)(3)(A) acts as a jurisdictional bar to the district court's asserting jurisdiction over any successive habeas petition until [the circuit court] has granted the petitioner permission to file one."). Because this Court lacks jurisdiction to consider Sophus' petition, the petition must be dismissed for lack of subject matter jurisdiction.

For the foregoing reasons, it is ORDERED that petitioner Clyde E. Sophus' petition for a writ of habeas corpus (Doc. # 1) is DISMISSED WITHOUT PREJUDICE FOR

LACK OF SUBJECT MATTER JURISDICTION, and that Sophus's motion for a temporary restraining order (Doc. # 42) is DENIED.

It is so ORDERED.

SIGNED on May 12, 2025, at Houston, Texas.

_____
Kenneth M. Hoyt
United States District Judge